UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

VIC and SARA CHIAPETTA,  No. 07-10166

                        Debtor(s).
_____/

MEMORANDUM ON MOTION TO MODIFY CHAPTER 12 PLAN
_____

      Debtors Vic and Sara Chiapetta filed their Chapter 12 petition February 15, 2007, and their plan was confirmed on September 26, 2007, after an agreement was reached with secured creditors Robert and Nancy Thompson which avoided a contested confirmation hearing. Since the plan was confirmed two years ago, real estate values have declined to the point where, according to the debtors, there is currently no value left to support a secured claim. They have moved for modification of their plan to reclassify the Thompsons as wholly unsecured creditors and avoid their lien pursuant to § 506(a) of the Bankruptcy Code. The Thompsons object.

      This is a narrow dispute with very wide ramifications. While Chapter 12 cases are infrequent in this area, the Code sections dealing with modification of Chapter 12 plans is pretty much identical with those applicable to Chapter 13 cases, meaning any rule applicable to Chapter 12 is probably applicable to Chapter 13 as well. Since the beginning of the current severe downturn in housing values, thousands of Chapter 13 debtors have taken advantage of the ruling in *In re Zimmer*, 313 F.3d 1220 (9th Cir. 2002) to strip off junior mortgages on their homes. This case requires the court to

adjudge the finality of plans with such provisions.[1]

Section 1229(a) of the Code governs modification of Chapter 12 plans. It provides:

(a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, on request of the debtor, the trustee, or the holder of an allowed unsecured claim, to--

(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;

(2) extend or reduce the time for such payments; or

(3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan.

The issue is whether § 1229(a)(1) permits reclassification of a creditor from secured to unsecured, or vice versa. There are no appellate cases in this circuit deciding this issue. However, the Sixth Circuit has answered the question soundly in the negative. That court has held that where a secured claim has been valued as part of a plan confirmation, the value cannot be altered by a subsequent amendment. *In re Adkins*, 425 F.3d 296, 302 (6th Cir. 2005); *In re Nolan*, 232 F.3d 528 (6th Cir. 2000).

As the court in *Adkins* recognized, there is a split among lower courts as to the correctness of the Sixth Circuit approach. After reflection, the court elects to follow *Adkins* and *Noonan* for two reasons. First, there is a general rule that a lower federal court should only deviate under compelling circumstances from the interpretation placed on a federal statute by the only Circuit to have spoken. *In re Berg*, 188 B.R. 615, 620 (9th Cir. BAP 1995). Second, the court fears that making valuation of secured claims temporary and subject to modification if property values fluctuate will set off a

---

[1] Both § 1229 and § 1329 permit modification of plans on the motion of a debtor or an unsecured creditor. Thus, if the court finds that a debtor may modify a two-year-old plan to render a secured creditor unsecured due to a decline in real estate values, it follows that a creditor rendered unsecured by application of *Zimmer* may, two years after confirmation, seek reclassification as a secured creditor if real estate values rise.

2

modification war with no finality and no limit on the number of times a court may be asked over the life of a plan to reconsider the value of a property either on motion of a debtor or a creditor. The better rule, at least in real estate cases, is that once the value has been litigated it cannot be altered.

For the foregoing reasons, the debtors' request to modify their plan will be denied. Counsel for the Thompsons shall submit an appropriate form of order.

Dated: June 8, 2009

Alan Jaroslovsky
U.S. Bankruptcy Judge